SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------ x

MANUEL ROEL, Individually and Derivatively as
50% Shareholder of ROEL & HSU CORP., as
25% Shareholder of CHRL REALTY CORP., as
25& Shareholder of RLCH, INC., and as 25%
Shareholder of 190-15 48th AVENUE CORP.,

      Plaintiff,

   -against-

JOE HSU, ESTER HSU, ROEL & HSU CORP.,
RLCH, INC., CHRL REALTY CORP., 190-15 48th
AVENUE CORP., MOU YANG LAM, KWAN
CHO CHEUNG, MING KAM CHEUNG, HEONG
LENG LOU, JIM GUO LIN, KAM MING LAM,
AND SIU LING WONG,
      Defendants.

------------------------------------------------------------ x

Index No. 709652/2017

**FOURTH AMENDED VERFIED
ANSWER, COUNTERCLAIMS
AND CROSS-CLAIMS**

    Defendant RLCH Inc. ("RLCH"), by and through its undersigned attorneys, as and for its

Answer and Affirmative Defenses to the First Amended Verified Complaint (the "Amended

Complaint") of Plaintiff Manuel Roel ("Plaintiff"), states as follows:

    1.  Neither admits nor denies the allegations in Paragraph 1 of the Amended

Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading

is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

    2.  Neither admits nor denies the allegations in Paragraph 2 of the Amended

Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading

is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to

the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5.      Neither admits nor denies the allegations in Paragraph 5 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 5 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Amended Complaint.

7.      Neither admits nor denies the allegations in Paragraph 7 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Amended Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Amended Complaint.

9.      Denies the allegations which concern RLCH in Paragraph 9 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Amended Complaint.

10.      Admits the allegation contained in Paragraph 10 of the Amended Complaint that RLCH is the owner of the Barclay Project, and otherwise denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Amended Complaint.

11.     Neither admits nor denies the allegations in Paragraph 11 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 11 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Amended Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Amended Complaint.

13.     Neither admits nor denies the allegations in Paragraph 13 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Amended Complaint.

14.     Neither admits nor denies the allegations in Paragraph 14 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 14 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Amended Complaint.

15.     Neither admits nor denies the allegations in Paragraph 15 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading

is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Amended Complaint.

16.      Neither admits nor denies the allegations in Paragraph 16 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Amended Complaint.

17.      Neither admits nor denies the allegations in Paragraph 17 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Amended Complaint.

18.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

19.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Amended Complaint.

20.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Amended Complaint.

21.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Amended Complaint.

22.      Neither admits nor denies the allegations in Paragraph 22 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.    Neither admits nor denies the allegations in Paragraph 23 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  RLCH otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24.    Neither admits nor denies the allegations in Paragraph 24 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 24 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.    Neither admits nor denies the allegations in Paragraph 25 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Amended Complaint.

27.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

29.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Amended Complaint.

30.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Amended Complaint.

31.     Admits the allegations contained in Paragraph 31 of the Amended Complaint to the extent they concern the date and domicile of RLCH's incorporation and the location of its former principal place of business, and further admits that RLCH is currently an active corporation.  RLCH otherwise denies the remainder of the allegations contained in Paragraph 31 of the Amended Complaint.

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Amended Complaint.

35.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Amended Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Amended Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Amended Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Amended Complaint.

51.     Neither admits nor denies the allegations in Paragraph 51 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.   To the extent a response is required, RLCH denies knowledge or information

sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Amended Complaint.

52.     Paragraph 52 of the Amended Complaint is a statement for which neither an admission or denial is required.   To the extent a response is required, RLCH denies the allegations.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Amended Complaint.

56.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Amended Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Amended Complaint.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Amended Complaint.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Amended Complaint.

61.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Amended Complaint.

62.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Amended Complaint.

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Amended Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Amended Complaint.

67.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Amended Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Amended Complaint.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Amended Complaint.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 of the Amended Complaint.

80.     Admits the allegation that RLCH took title by deed dated July 11, 2008 to real property located at the address commonly known as 144-73 Barclay Avenue, Flushing, New York and further admits the allegation that RLCH took title by deed dated March 6, 2012 to real property located at the address commonly known as 144-69 Barclay Avenue, Flushing, New York.  RLCH otherwise denies the remainder of the allegations contained in Paragraph 80 of the Amended Complaint and further states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 concerning "the group," a term that is undefined, vague and ambiguous.

81.     Denies the allegations which concern RLCH in Paragraph 81 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Denies the allegations which concern RLCH contained in Paragraph 82 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Amended Complaint.

83.     Neither admits nor denies the allegations in Paragraph 83 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 83 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 83 of the Amended Complaint.

84.     Neither admits nor denies the allegations in Paragraph 84 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

85.     Denies the allegations which concern RLCH contained in Paragraph 85 of the Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Neither admits nor denies the allegations in Paragraph 87 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern

RLCH in Paragraph 87 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Denies the allegations contained in Paragraph 88 of the Amended Complaint.

89.     Neither admits nor denies the allegations in Paragraph 89 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Neither admits nor denies the allegations in Paragraph 90 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

91.     Neither admits nor denies the allegations in Paragraph 91 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

92.     Repeats and realleges the answers to the allegations appearing in Paragraphs 1-91 as if fully set forth herein.

93.     Neither admits nor denies the allegations in Paragraph 93 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required and incorporates the answers to the allegations in Paragraphs 44-51 of the Amended Complaint, as if fully set forth herein.

94.     Neither admits nor denies the allegations in Paragraph 94 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

95.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Amended Complaint.

96.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Amended Complaint.

97.    Admits the allegation contained in Paragraph 97 of the Amended Complaint that RLCH is the owner of the Barclay Project, and otherwise denies the allegations contained in Paragraph 97 of the Amended Complaint.

98.    Neither admits nor denies the allegations in Paragraph 98 of the Amended Complaint to the extent it purports to set forth the relief sought by Plaintiff in this action, and otherwise denies the allegations contained in Paragraph 98 of the Amended Complaint to the extent a response is required.

99.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-98 as if fully set forth herein.

100.    Neither admits nor denies the allegations in Paragraph 100 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH admits it is the owner of the Barclay Project and otherwise denies the allegations which concern RLCH in Paragraph 100 of the Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Amended Complaint.

101.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-100 as if fully set forth herein.

102.    Neither admits nor denies the allegations in Paragraph 102 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading

is required.    To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Amended Complaint.

103.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Amended Complaint.

104.    Neither admits nor denies the allegations in Paragraph 104 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.    To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Amended Complaint.

105.    Neither admits nor denies the allegations in Paragraph 105 of the Amended Complaint to the to the extent it purports to set forth the relief sought by Plaintiff in this action, and otherwise denies the allegations in contained in Paragraph 105 of the Amended Complaint to the extent a response is required.

106.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-105 as if fully set forth herein.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Amended Complaint.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 108 of the Amended Complaint.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 of the Amended Complaint.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110 of the Amended Complaint.

111.    Neither admits nor denies the allegations in Paragraph 111 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Amended Complaint.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 112 of the Amended Complaint.

113.    Neither admits nor denies the allegations in Paragraph 113 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH admits that it is the owner of the Barclay Project, and otherwise denies the allegations contained in Paragraph 113 of the Amended Complaint.

114.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-113 as if fully set forth herein.

115.    Neither admits nor denies the allegations in Paragraph 115 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 115 of the Amended Complaint.

116.    Neither admits nor denies the allegations in Paragraph 116 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading

is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 116 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 116 of the Amended Complaint.

117.    Neither admits nor denies the allegations in Paragraph 117 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 117 of the Amended Complaint.

118.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-117 as if fully set forth herein.

119.    Neither admits nor denies the allegations in Paragraph 119 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 of the Amended Complaint.

120.    Neither admits nor denies the allegations in Paragraph 120 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 120 of the Amended Complaint.

121.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-120 as if fully set forth herein.

122.    Denies the allegations concerning RLCH contained in Paragraph 122 of the Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 of the Amended Complaint.

123.    Neither admits nor denies the allegations in Paragraph 123 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 123 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Amended Complaint.

124.    Neither admits nor denies the allegations in Paragraph 124 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

125.    RLCH denies the allegations which concern RLCH in Paragraph 125 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Neither admits nor denies the allegations in Paragraph 126 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 126 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Neither admits nor denies the allegations in Paragraph 127 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff

in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 127 of the Amended Complaint.

128.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-128 as if fully set forth herein.

129.    Neither admits nor denies the allegations in Paragraph 129 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

130.    Neither admits nor denies the allegations in Paragraph 130 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Amended Complaint.

131.    Neither admits nor denies the allegations in Paragraph 131 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

132.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Neither admits nor denies the allegations in Paragraph 133 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Amended Complaint.

134.     Neither admits nor denies the allegations in Paragraph 134 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 134 of the Amended Complaint.

135.     Repeats and realleges the answers to the allegations appearing in Paragraphs 1-134 as if fully set forth herein.

136.     Neither admits nor denies the allegations in Paragraph 136 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

137.     Neither admits nor denies the allegations in Paragraph 137 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 137 of the Amended Complaint.

138.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 of the Amended Complaint.

139.     Neither admits nor denies the allegations in Paragraph 139 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH admits that the Barclay Avenue Project is a single 7-story property and denies the remainder of the allegations which concern RLCH in Paragraph 139 of the Amended Complaint, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Amended Complaint.

140.    Neither admits nor denies the allegations in Paragraph 140 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-140 as if fully set forth herein.

142.    Neither admits nor denies the allegations in Paragraph 142 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

143.    Neither admits nor denies the allegations in Paragraph 143 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 143 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 143 of the Amended Complaint.

144.    Neither admits nor denies the allegations in Paragraph 144 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 144 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144 of the Amended Complaint.

145.    Neither admits nor denies the allegations in Paragraph 145 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff

in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 145 of the Amended Complaint.

146.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-145 as if fully set forth herein.

147.    Neither admits nor denies the allegations in Paragraph 147 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

148.    Neither admits nor denies the allegations in Paragraph 148 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148 of the Amended Complaint.

149.    Neither admits nor denies the allegations in Paragraph 149 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

150.    Neither admits nor denies the allegations in Paragraph 150 of the Amended Complaint to the extent it purports to set forth the relief sought by Plaintiff in this action, to which no responsive pleading is required.

151.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-150 as if fully set forth herein.

152.    Denies the allegations contained in Paragraph 152 of the Amended Complaint.

153.    Neither admits nor denies the allegations in Paragraph 153 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff

in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 153 of the Amended Complaint.

154.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-153 as if fully set forth herein.

155.    Neither admits nor denies the allegations in Paragraph 155 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 155 of the Amended Complaint and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 155 of the Amended Complaint.

156.    Neither admits nor denies the allegations in Paragraph 156 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 156 of the Amended Complaint.

157.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-156 as if fully set forth herein.

158.    Neither admits nor denies the allegations in Paragraph 158 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 158 of the Amended Complaint.

159.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-158 as if fully set forth herein.

160.    Neither admits nor denies the allegations in Paragraph 160 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

161.    Admits the allegations in Paragraph 161 of the Amended Complaint.

162.    Admits the allegations in Paragraph 162 of the Amended Complaint that no offering plan has been filed, and that RLCH seeks to convert the Barclay Project into a residential condominium property to maximize shareholder value, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 162 of the Amended Complaint.

163.    Admits the allegations in Paragraph 163 of the Amended Complaint that the Barclay Project does not presently contain condominium units and neither admits nor denies the remainder of the allegations in Paragraph 163 of the Amended Complaint to the extent it purports to set forth legal conclusions as to which no responsive pleading is required.

164.    States that the allegations in Paragraph 164 of the Amended Complaint purport to summarize the terms of a certain "Lottery Agreement" dated September 18, 2014, to which RLCH is not a party, and which is a document that speaks for itself.  RLCH respectfully refers the Court to the "Lottery Agreement" for the true and correct contents thereof, and neither admits nor denies the remainder of the allegations in Paragraph 164 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

165.    Neither admits nor denies the allegations in Paragraph 165 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations which concern RLCH in Paragraph 165 of the Amended Complaint and otherwise denies knowledge or

information sufficient to form a belief as to the truth of the allegations contained in Paragraph 165 of the Amended Complaint.

166.    Neither admits nor denies the allegations in Paragraph 166 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH admits that its company counsel has had discussions regarding the Lottery Agreement with Plaintiff's counsel and otherwise denies the remainder of the allegations in Paragraph 166 of the Amended Complaint.

167.    Neither admits nor denies the allegations in Paragraph 167 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

168.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-167 as if fully set forth herein.

169.    Neither admits nor denies the allegations in Paragraph 169 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

170.    Admits the allegations contained in Paragraph 170 of the Amended Complaint that company counsel had verbal and written correspondence with Plaintiff's counsel regarding Plaintiff alleging the occupancy of certain units at the Barclay Project and otherwise denies the remainder of the allegations set forth in Paragraph 170 of the Amended Complaint.

171.    Neither admits nor denies the allegations in Paragraph 171 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations in Paragraph 171 of the Amended Complaint.

172.    Neither admits nor denies the allegations in Paragraph 172 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH admits that the Barclay Project is not presently a condominium and otherwise denies the remainder of the allegations in Paragraph 172 of the Amended Complaint.

173.    Neither admits nor denies the allegations in Paragraph 173 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

174.    Denies the allegations in Paragraph 174 of the Amended Complaint.

175.    Denies the allegations in Paragraph 175 of the Amended Complaint.

176.    Denies the allegations in Paragraph 176 of the Amended Complaint.

177.    Denies the allegations in Paragraph 177 of the Amended Complaint.

178.    Denies the allegations in Paragraph 178 of the Amended Complaint.

179.    Denies the allegations in Paragraph 179 of the Amended Complaint.

180.    Neither admits nor denies the allegations in Paragraph 180 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH denies the allegations contained in Paragraph 180 of the Amended Complaint.

181.    Neither admits nor denies the allegations in Paragraph 181 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

182.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-181 as if fully set forth herein.

183.    Neither admits nor denies the allegations in Paragraph 181 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

184.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 184 of the Amended Complaint.

185.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 185 of the Amended Complaint.

186.    Admits the allegation in Paragraph 186 that RLCH is the owner of the Barclay Project, and otherwise neither admits nor denies the remainder of the allegations in Paragraph 186 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

187.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 187 of the Amended Complaint, except to the extent that the allegations in Paragraph 187 refer to documents in the judicial record of this action, which documents speak for themselves and to which the Court is respectfully referred for the true and correct contents thereof.

188.    Neither admits nor denies the allegations in Paragraph 188 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.  To the extent a response is required, RLCH admits, upon information and belief, that at the relevant times, Esther Hsu held herself out as an officer and a director of the Company and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 188 of the Amended Complaint.

189.    Neither admits nor denies the allegations in Paragraph 189 of the Amended Complaint to the extent it purports to set forth legal conclusions to which no responsive pleading is required.

190.    Neither admits nor denies the allegations in Paragraph 190 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

191.    Repeats and realleges the answers to the allegations appearing in Paragraphs 1-190 as if fully set forth herein.

192.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 192 of the Amended Complaint.

193.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 193 of the Amended Complaint.

194.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 194 of the Amended Complaint.

195.    Neither admits nor denies the allegations in Paragraph 195 of the Amended Complaint to the extent it purports to set forth legal conclusions and the relief sought by Plaintiff in this action, to which no responsive pleading is required.

## **GENERAL DENIAL**

196.    Unless specifically admitted herein, RLCH denies each and every allegation in the Amended Complaint and demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

197.    Without assuming the burden of proof where such burden properly rests with Plaintiff, and without waiving, and hereby expressly reserving, the right to assert any and all

such defenses at such time and to such extent as discovery and factual or legal developments may establish a basis therefor, Defendant RLCH hereby asserts, as and for separate and additional defenses to the Amended Complaint, that:

### FIRST AFFIRMATIVE DEFENSE

198.    The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

199.    The claims in the Amended Complaint are barred, in whole or in part, by the doctrines of waiver, unclean hands, laches, consent, ratification, and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE

200.    The claims in the Amended Complaint should be dismissed based upon the documentary evidence.

### FOURTH AFFIRMATIVE DEFENSE

201.    The claims in the Amended Complaint are barred, in whole or in part, by reason of Plaintiff's own acts, omissions, and material breaches of contract.

### FIFTH AFFIRMATIVE DEFENSE

202.    The claims in the Amended Complaint are barred, in whole or in part, by Plaintiff's failure to mitigate its claimed damages.

### SIXTH AFFIRMATIVE DEFENSE

203.    The claims in the Amended Complaint are barred, in whole or in part, to the extent Plaintiff's injuries or damages, which injuries or damages are denied, were not caused in fact or proximately caused by acts and/or omissions of RLCH.

### SEVENTH AFFIRMATIVE DEFENSE

204.    Plaintiff's claims in the Amended Complaint are barred, in whole or in part, by Plaintiff's failure to act in accordance with the standards of good faith and fair dealing.

### EIGHTH AFFIRMATIVE DEFENSE

205.    The claims in the Amended Complaint may be barred by the applicable statute(s) of limitations.

### NINTH AFFIRMATIVE DEFENSE

206.    Plaintiff's causes of action are barred, in whole or in part, by the statute of frauds.

### TENTH AFFIRMATIVE DEFENSE

207.    Plaintiff's claims are frivolous, disingenuous, and brought in bad faith and, therefore, Plaintiff is barred from any recovery for such claim.

### ELEVENTH AFFIRMATIVE DEFENSE

208.    Plaintiff's claims are barred, in whole or in part, pursuant to the contracts and/or agreements between the parties.

### TWELFTH AFFIRMATIVE DEFENSE

209.    Plaintiff's claims are barred, in whole or in part, by reason of accord and satisfaction.

### THIRTEENTH AFFIRMATIVE DEFENSE

210.    Plaintiff's claims are barred due to the conflict that exists when simultaneously filing direct and derivative claims.

### FOURTEENTH AFFIRMATIVE DEFENSE

211.    Plaintiff's claims are barred due to the lack of a demand, as required for filing derivative actions.

### FIFTEENTH AFFIRMATIVE DEFENSE

212.    RLCH did not take part in or direct any of the acts complained of which resulted in Plaintiff's alleged damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

213.    Plaintiff's claims are barred in whole, or in part, by a lack of consideration.

## SEVENTEENTH AFFIRMATIVE DEFENSE

214.    Plaintiff has expressly acknowledged by action and by written instrument that his interest in RLCH is a 1/6th share.

## RESERVATION OF RIGHTS

215.    RLCH reserves the right to amend this Verified Answer to assert any additional affirmative defenses that may become apparent through discovery or otherwise.

## COUNTERCLAIMS AND CROSS-CLAIMS[1]

While reserving its right to further amend its Counterclaims and Cross-Claims and upon the return of its books and records and the production of documents and other testimony in discovery in the above-captioned action, RLCH alleges and states as follows:

## PARTIES

216.    Defendant/Counterclaim Plaintiff/Cross-Claim Plaintiff RLCH, Inc. ("RLCH") is a corporation organized and existing under the laws of the State of New York.

217.    Upon information and belief, Plaintiff/Counterclaim Defendant Manuel Roel ("Plaintiff") is an individual residing in Little Neck, New York.  Plaintiff is a shareholder of RLCH.

218.    Upon information and belief, Defendant/Cross-Claim Defendant Joe Hsu ("J. Hsu") is an individual residing in Flushing, New York.  J. Hsu is a shareholder of RLCH and served as an officer and director of RLCH from approximately June 2008 through November 2017.

---

[1] To the extent not defined herein, all capitalized terms assume the definitions ascribed to them in the Amended Complaint.

219.    Upon information and belief, Defendant/Cross-Claim Defendant Esther Hsu ("E. Hsu" and, together with J. Hsu, the "Hsu Defendants"), is an individual residing in Flushing New York.  Upon information and belief, E. Hsu has held herself out as a shareholder of RLCH and purported to serve as an officer and director of RLCH from approximately June 2008 through November 2017.

220.    Upon information and belief, Defendant/Cross-Claim Defendant Mou Yang Lam ("M. Lam") is an individual residing in Lynbrook, New York.  M. Lam is a shareholder of RLCH.

221.    Upon information and belief, Defendant/Cross-Claim Defendant Kwan Cho Chueng ("Chueng") is an individual residing in Jamaica, New York.  Cheung is a shareholder of RLCH.

222.    Upon information and belief, Defendant/Cross-Claim Defendant Kam Ming Lam ("K. Lam") is an individual residing in Lynbrook, New York.  K. Lam is a shareholder of RLCH.

## FACTUAL ALLEGATIONS

223.    RLCH was incorporated under the laws of the State of New York on or about June 26, 2008.

224.    RLCH is the owner of real property currently improved by a multiple dwelling residential building, located at the address commonly known as 144-69 Barclay Avenue, Flushing, New York 11355 (the "Barclay Property").  RLCH was formed to acquire and generate income through a real estate project., specifically, the sale or condominium conversion of the Barclay Property.

225.    Upon information and belief, and as alleged by Plaintiff, defendant entity 190-15 48th Avenue Corp. ("190 Corp.") was incorporated under the laws of the State of New York on November 18, 2008 and was dissolved on June 6, 2013.

226.    Upon further information and belief, and as alleged by Plaintiff, prior to its dissolution, 190 Corp. was the owner of real property located at the addresses commonly known as (a) 51-89 Manilla Street, Queens, New York (the "Manilla Street Project"); (b) 190-15 48th Avenue; (c) and 211-22 46th Avenue, Queens, New York (the "46th Avenue Project").  At all relevant times herein, RLCH has not held any interest, acquired any interest, or succeeded to any interest in any of the foregoing real property owned by 190 Corp.

227.    At all relevant times herein, RLCH has maintained a separate and simultaneous corporate existence from 190 Corp.

228.    At all relevant times herein, RLCH has not expressly or impliedly assumed any contract or liability of 190 Corp.

229.    At all relevant times herein, RLCH has not consolidated its operations or merged its operations with 190 Corp., or acquired, in whole or in part, any of the operations or assets of 190 Corp.

230.    As alleged above, RLCH was formed to acquire the Barclay Project and generate income for its shareholders.  RLCH was not formed to avoid the obligations, if any, of 190 Corp.

231.    Upon information and belief, and as alleged by Plaintiff, defendant entity Roel & Hsu Corp. ("R&H Corp.") was incorporated under the laws of the State of New York on January 21, 2005 and dissolved on February 3, 2009.

232.    Upon further information and belief, and as alleged by Plaintiff, prior to its dissolution, R&H Corp. was the owner of real property located at the address commonly known as 13-71 209th Street, Bayside, New York (the "Bayside Project").  At all relevant times herein, RLCH has not held any interest, acquired any interest, or succeeded to any interest in any of the foregoing real property owned by R&H Corp.

233.    At all relevant times therein, RLCH has maintained a separate and simultaneous corporate existence from R&H Corp.

234.    At all relevant times herein, RLCH has not expressly or impliedly assumed any contract or liability of R&H Corp.

235.    At all relevant times herein, RLCH has not consolidated its operations or merged its operations with R&H Corp., or acquired, in whole or in part, any of the operations or assets of R&H Corp.

236.    As alleged above, RLCH was formed to acquire the Barclay Project and generate income for its shareholders.  RLCH was not formed to avoid the obligations, if any, of R&H Corp.

237.    Upon information and belief, and as alleged by Plaintiff, defendant entity CHRL Realty Corp. ("CHRL") was incorporated under the laws of the State of New York on February 3, 2006 and dissolved on May 24, 2010.

238.    At all relevant times herein, RLCH has not held any interest, acquired any interest, or succeeded to any interest in any property owned by CHRL.

239.    At all relevant times herein, RLCH has maintained a separate and simultaneous corporate existence from CHRL.

240.    At all relevant times herein, RLCH has not expressly or impliedly assumed any contract or liability of CHRL.

241.    At all relevant times herein, RLCH has not consolidated its operations or merged its operations with CHRL, or acquired, in whole or in part, any of the operations or assets of CHRL.

242.    As alleged above, RLCH was formed to acquire the Barclay Project and generate income for its shareholders.  RLCH was not formed to avoid the obligations, if any, of CHRL Corp.

243.    Upon information and belief, and as alleged by Plaintiff, Plaintiff and one or more of the individual defendants J. Hsu, M. Lam, K. Lam, and/or Chueng, were partners in certain real estate ventures pertaining to the following real properties, which as alleged by Plaintiff were held personally by one or more of Plaintiff and the foregoing individual defendants: (a) 50-34 and 50-38 103rd Street, Corona, NY (the "Corona Project"); (b) 61-30 138th Street, Flushing, NY (the "Flushing Project"); (c) 149-18/22/26 Sanford Avenue and 42-14/18 149th Place (the "Sanford Avenue Project"); (d) the Rushmore Project, for which no address has been identified by Plaintiff; and (e) the Little Neck Project, for which no address has been identified by Plaintiff. The Corona Project, Flushing Project, Sanford Avenue Project, Rushmore Project, and Little Neck Project are hereinafter referred to, collectively, as the "Individually Owned Projects."

244.    At all relevant times herein, RLCH has not held any interest, acquired any interest, or succeeded to any interest in any of the Individually Owned Projects.

245.    At all relevant times herein, RLCH has maintained a separate corporate existence from the Individually Owned Projects.

246.    At all relevant times herein, RLCH has not expressly or impliedly assumed any contract or liability of the Individually Owned Projects.

247.    At all relevant times herein, RLCH has not consolidated its operations or merged its operations with the Individually Owned Projects, or acquired, in whole or in part, any of the operations or assets of the Individually Owned Projects.

248.     As alleged above, RLCH was formed to acquire the Barclay Project and generate income for its shareholders.   RLCH was not formed to avoid the obligations, if any, of the Individually Owned Projects.

249.     From approximately June 2008 through November 2017, the Hsu Defendants, served as officers and directors of RLCH, and had custody, possession and control of RLCH's corporate books and records.

250.     On or about November 28, 2017 the Hsu Defendants resigned as directors of RLCH.

251.     At the time of the Hsu Defendants' resignation, the Hsu Defendants failed to turn over the corporate books and records of RLCH in their custody, possession and control to RLCH.

252.     On or about February 13, 2018, the shareholders of RLCH convened a special meeting where at they voted to approve the conversion of the Barclay Property into a mixed-use condominium with units to be sold to the public through an offering, pursuant to New York law.

253.     At all relevant times herein, notwithstanding the vote of the shareholders of RLCH on or about February 13, 2018 to approve the conversion of the Barclay Property into a condominium pursuant to New York law, no "offering statement or plan" or "prospectus" for the contemplated condominium has been filed by RLCH with the appropriate authorities pursuant to New York General Business Law § 352-e.

254.     Despite that no offering statement or prospectus for the contemplated condominium has ever been filed by RLCH, in or about 2016, the Hsu Defendants purported, in their individual capacities as shareholders of RLCH, to "sell" percentages of their shares in RLCH and options to purchase condominium units in the Barclay Property.

255.    On or about February 11, 2016, E. Hsu entered into a purported "RLCH, INC. LIMITED INVESTMENT PARTNERSHIP AGREEMENT" with non-party Sing Yung Cheng ("Cheng") (the "S. Cheng Side Agreement").

256.    In the Cheng Side Agreement, E. Hsu purported to sell, and S. Cheng purported to acquire, 3.22% of the outstanding shares of RLCH for a specified sum.

257.    In the S. Cheng Side Agreement, E. Hsu purported to sell, and Seng purported to acquire, the right to exchange 3.22% of the outstanding shares of RLCH for "One (1) available unit … on the fifth floor of the building that the Company plans to build at 144-69 Barclay Ave., Flushing, N.Y."  The S. Cheng Side Agreement further provided that "[u]pon [Cheng's] exercise of the option herein, a formal purchase agreement shall be entered into.  The purchase agreement shall be in the form contained in the offering plan approved by the NYS Attorney General's Office."

258.    On or about March 21, 2016, E. Hsu entered into a purported "RLCH, INC. LIMITED INVESTMENT PARTNERSHIP II AGREEMENT" with non-party Guilin Zhao ("Zhao") (the "Zhao Side Agreement").

259.    In the Zhao Side Agreement, E. Hsu purported to sell, and Zhao purported to acquire, 4.038% of the outstanding shares of RLCH for a specified sum.

260.    In the Zhao Side Agreement, E. Hsu purported to sell, and Zhao purported to acquire, the right to exchange 4.038% of the outstanding shares of RLCH for "One (1) available south facing units, of not less than 995 sq. ft….on the fifth floor of the building that the Company plans to build at 144-69 Barclay Ave., Flushing, N.Y."  The Zhao Agreement further provided that "[u]pon [Zhao's] exercise of the option herein, a formal purchase agreement shall

be entered into.  The purchase agreement shall be in the form contained in the offering plan approved by the NYS Attorney General's Office."

261.    Upon information and belief, in or about May 2016, E. Hsu entered into a purported "RLCH, INC. LIMITED INVESTMENT PARTNERSHIP III AGREEMENT" with non-Party Tao Cheng ("T. Cheng") (the "T. Cheng Side Agreement.")

262.    In the T. Cheng Side Agreement, E. Hsu purported to sell, and Cheng purported to acquire, 3.90% of the outstanding shares of RLCH for a specified sum.

263.    In the T. Cheng Side Agreement, E. Hsu purported to sell, and T. Cheng purported to acquire, the right to exchange 3.90% of the outstanding shares of RLCH for "One (1) available unit … within the building that the Company plans to build at 144-69 Barclay Ave., Flushing, N.Y."  The Cheng Side Agreement further provided that "[u]pon [T. Cheng's] exercise of the option herein, a formal purchase agreement shall be entered into.  The purchase agreement shall be in the form contained in the offering plan approved by the NYS Attorney General's Office."

264.    Upon information and belief, RLCH never authorized the Hsu Defendants, in their individual capacities as shareholders, to enter into the transactions set forth in and contemplated by the S. Cheng Side Agreement, the Zhao Side Agreement, and the T. Cheng Side Agreement (collectively, the "Unauthorized Side Agreements.").

### AS AND FOR A FIRST COUNTERCLAIM
#### (Declaratory Judgment – No Successor or Alter Ego Liability)

265.    RLCH repeats and realleges each and every allegation set forth above as if fully set forth herein.

266.    In this action, Plaintiff seeks a declaration that RLCH is the alter ego and/or successor entity of 190 Corp., R&H Corp., CHRL, and the Individually Owned Projects.

267.    As alleged in Paragraphs 187 through 212 above, RLCH has not, at all relevant times herein, (a) held any interest, acquired any interest, or succeeded to any interest in any property owned by any of 190 Corp., R&H Corp., CHRL, or the Individually Owned Projects; (b) expressly or impliedly assumed any contract or liability of any of 190 Corp., R&H Corp., CHRL, or the Individually Owned Projects; and (c) consolidated its operations or merged its operations with, or acquired, in whole or in part, any of the operations or assets of any of 190 Corp., R&H Corp., CHRL, or the Individually Owned Projects.  Nor was RLCH formed to avoid the obligations, if any, of 190 Corp., R&H Corp., CHRL, or the Individually Owned Projects.

268.    Further, the allegations that form the basis of Plaintiff's claim for declaratory relief against RLCH are denied, such that a genuine controversy exists between Plaintiff and RLCH with respect to the liabilities of RLCH.

269.    Based on the foregoing allegations of RLCH's Counterclaim, RLCH is entitled to a declaration pursuant to CPLR 3001 that RLCH is not the successor and/or alter ego of any of 190 Corp., R&H Corp., CHRL, or the Individually Owned Projects such that no joint or several liability is or can be attributable to RLCH.

### AS AND FOR A FIRST CROSS-CLAIM
**(Common Law Indemnification and/or Contribution**
**Against Cross-Claim Defendants J. Hsu, E. Hsu, M. Lam, K. Lam and Cheung)**

270.    RLCH repeats and realleges each and every allegation set forth above as if fully set forth herein.

271.    If RLCH is found liable to Plaintiff for any damages alleged in the Amended Complaint, then said damages were caused wholly by the culpable conduct of the Cross-Claim Defendants J. Hsu, E. Hsu, M. Lam, K. Lam and Cheung.

272.     If any of the Cross-Claim Defendants are found liable to Plaintiff for any damages, then said damages were caused wholly by the culpable conduct of the Cross-Claim Defendants, without any fault on behalf of RLCH contributing thereto.

273.     To the extent RLCH is held liable to Plaintiff, RLCH is entitled to a judgment against the Cross-Claim Defendants for common law indemnification and/or contribution for any amounts that Plaintiff may be awarded against RLCH.

<b><u>AS AND FOR A SECOND CROSS-CLAIM</u></b><br><b><u>(Demand for Books and Records and Accounting Against the Hsu Defendants)</u></b>

274.     RLCH repeats and realleges each and every allegation set forth above as if fully set forth herein.

275.     Pursuant to Article 6 of the New York Business Corporation Law, the books and records of a corporation belong to the corporation.  Thus, RLCH has legal ownership of, or an immediate right to possession of its books and records.

276.     At all relevant times herein, up through and including November 28, 2017, the Hsu Defendants held themselves out and acted as officers and directors of RLCH.  Accordingly, the Hsu Defendants owed fiduciary duties to RLCH and its shareholders to account for the operations, expenses, profits and losses of RLCH, and to account for the respective interests of the shareholders of the corporation.

277.     As fiduciaries, the Hsu Defendants owed a duty to act in the best interests of RLCH and could not engage in acts constituting corporate waste or mismanagement of corporate assets.

278.     After resigning as directors of RLCH, the Hsu Defendants failed to turn over the corporate books and records of RLCH in their custody, possession and control to RLCH.

279.    Upon information and belief, the Hsu Defendants continue to have custody, possession and control of RLCH's books and records.

280.    By letter dated May 10, 2018, RLCH, through counsel, demanded that the Hsu Defendants turn over as soon as possible all copies and originals of all books and records of RLCH, which demand was ignored.

281.    Based upon the foregoing, RLCH is entitled to an order directing and compelling the Hsu Defendants to (a) provide a complete accounting with respect to RLCH and (b) turn over the books and records of RLCH.

### AS AND FOR A THIRD CROSS-CLAIM
### (Declaratory Judgment – Side Agreements Void *Ab Initio*)

282.    RLCH repeats and realleges each and every allegation set forth above as if fully set forth herein.

283.    As alleged in paragraphs 218 through 228 herein, E. Hsu, in her purported capacity as an individual shareholder of RLCH, purported to enter into three Unauthorized Side Agreements wherein E. Hsu purported to sell non-parties certain shares of RLCH coupled with the right to later exchange such shares for an option to purchase condominium units in the Barclay Property.

284.    RLCH is the owner of the Barclay Property.  Upon information and belief, RLCH never authorized E. Hsu, as an individual shareholder, to convey any interest in the Barclay Property or any interest in any individual unit in the Barclay Property.

285.    Furthermore, at the time that E. Hsu entered into the Unauthorized Side Agreements, no "offering statement or plan" or "prospectus" for the contemplated condominium had been filed by RLCH with the appropriate authorities pursuant to New York General Business Law § 352-e.

286.     Pursuant to New York General Business § 352-e, it is illegal and prohibited for any person "to make or take part in a public offering or sale in or from the state of New York of securities constituted of participation interests or investments in real estate, mortgages or leases, including stocks, bonds, debentures, evidences of interest or indebtedness, limited partnership interests or other security or securities as defined in section three hundred fifty-two of this article, when such securities consist primarily of participation interests or investments in one or more real estate ventures, including cooperative interests in realty, unless and until there shall have been filed with the department of law, prior to such offering, a written statement or statements, to be known as an 'offering statement' or 'prospectus' concerning the contemplated offering" that complies with the requirements of New York General Business Law § 352-e *et seq.*.

287.     As no such offering plan or statement or prospectus had been filed (nor has been filed) by RLCH, the Unauthorized Side Agreements are illegal and void *ab initio*.

288.     Accordingly, there exists a ripe and justiciable controversy as to the legality and enforceability of the Unauthorized Side Agreements.

289.     Based upon the foregoing allegations, RLCH is entitled to a declaratory judgment pursuant to CPLR 3001 declaring that the Unauthorized Side Agreements are illegal and thus are void ab initio.

**WHEREFORE**, RLCH respectfully requests Judgment as follows:

1.     On its First Counterclaim, a Declaration that RLCH is not a successor or alter ego of any of 190 Corp., R&H Corp., CHRL, and or the Individually Owned Projects;

2.     On its First Cross-Claim, and Order for common law indemnification and/or contribution against the Cross-Claim Defendants, including but not limited to defense

costs, attorneys' fees and reimbursement for any judgment Plaintiff may obtain in whole or in part against RLCH;

3.    On its Second Cross-Claim, an Order compelling the Hsu Defendants to provide a complete accounting with respect to RLCH and to turn over the books and records of RLCH;

4.    On its Third Cross-Claim, a Declaration that Unauthorized Side Agreements are illegal and void ab initio;

5.    RLCH's costs and disbursements incurred in this suit, including RLCH's attorneys' fees to the full extent permitted by law;

6.    Pre and post-judgment interest to the full extent permitted by law; and

7.    Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
   January 17, 2019

HERRICK, FEINSTEIN LLP

By: _____
  Janice Goldberg
  Scott C. Ross
2 Park Avenue
New York, New York 10016
Telephone: (212) 592-1400
Facsimile: (212) 592-1500
*Attorneys for RLCH Inc.*

## **VERIFICATION**

STATE OF NEW YORK     )
                         )ss.:
COUNTY OF _Queens._    )

        Lisa Lam, being duly sworn, deposes and says:

        1.     I am the President of RLCH Inc. ("RLCH").

        2.     I have read the foregoing Fourth Amended Verified Answer, Affirmative Defenses, Counterclaims Cross-Claims.  On behalf of RLCH, the contents thereof are true to my own knowledge, except as to matters stated therein to be based upon information and belief, and to those matters, I believe them to be true, based on a review of RLCH's files.

        3.     I declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

                                                     _____
                                                        Lisa Lam

Sworn to before me this
17th day of January, 2019

_____
Notary Public

> PETA GAY VYANNE BURT
> Notary Public – State of New York
> NO. 01BU6243710
> Qualified in Nassau County
> My Commission Expires Jun 27, 2019

43