Case 1:20-cv-01102-tro—Doc# 6—Filed 08/28/20—Entered 08/28/20 17:03:31 INDEX NO. 709652/2017

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------X
Manuel Roel, Individually and Derivatively as 50%
Shareholder of ROEL & HSU CORP., as 25%
Shareholder of CHRL REALTY CORP., as 25%
Shareholder of RLCH, INC., and as 25%          Index No.: 709652/2017
Shareholder of 190-15 48th AVENUE CORP.,

                              Plaintiff,

                -against-
                                                   **VERIFIED**
                                                   **ANSWER TO FIRST**
                                                   **AMENDED COMPLAINT**
JOE HSU, ESTHER HSU, ROEL & HSU CORP.,             (Defendants Jin Guo Lin,
RLCH, INC., CHRL REALTY CORP., 190-15 48TH         Kam Ming Lam, Siu Ling
AVENUE CORP., MOU YANG LAM,                         Wong, Cheung Chin Chau,
KWAN CHO CHEUNG, MING KAM CHEUNG,                   Tung Suet Ruby Lam and
HEONG LENG LOU, JIM GUO LIN, KAM MING               Wong Kuk Tan)
LAM and SIU LING WONG,

                              Defendants.
----------------------------------------------------------------------X
STEVEN CHEUNG, MING YUNG CHEUNG, GUI
ZHEN CHEN, CHEUNG CHIN CHAU, TUNG SUET
RUBY LAM and WONG KUK TAN,

                              Defendants/Intervenors,
----------------------------------------------------------------------X

        Defendants Jin Guo Lin (incorrectly sued herein as "Jim" Guo Lin), Kam Ming Lam, Siu

Ling Wong, Cheung Chin Chau, Tung Suet Ruby Lam and Wong Kuk Tan (hereinafter

collectively referred to herein as "answering defendants"), by their attorneys, Yang &

Associates, as and for their Answer to Plaintiff's First Amended Complaint (hereinafter the

"Complaint"), allege herein, as follows:

### Nature of the Action

        1.      Paragraphs 1, 15 and 16 of the Complaint set forth descriptions of the action

instituted by plaintiff and do not, for the most part, assert any specific facts and, as such, no

admission or denial is required. To the extent that an admission or denial is required, answering

NYSCEF DOC. NO. 455

defendants deny the allegations in paragraphs 1, 15 and 16 of the Complaint.

2.    With respect to paragraph 2 of the Complaint, answering defendants deny that Plaintiff is free and clear owner of 25 percent of the Barclay Project and deny knowledge or information sufficient to form a belief as to the remaining allegations.

3.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 3, 4, 6, 7, 8, 12, 13, 17, 18, 19, 20, 21 and 22 of the Complaint.

4.    With respect to paragraph 5 of the Complaint, answering defendants deny that Plaintiff is entitled to (a) pierce the corporate veil of RLCH, (b) hold any of the answering defendants liable for any damages in this case, or (c) hold RLCH liable under the doctrines of successor liability and/or alter ego entity; deny that RLCH holds realty which is the accumulation of all of Plaintiff's profits from the underlying transactions; deny that RLCH is obligated to Plaintiff for the return of funds as alleged; and deny knowledge or information sufficient to form a belief as to the remaining allegations.

5.    With respect to paragraph 9 of the Complaint, admit that it was the intention of the parties to develop a residential property through acquisitions in 2008 and 2012 by RLCH and deny knowledge or information sufficient to form a belief as to the remaining allegations.

6.    With respect to paragraphs 10 of the Complaint, answering defendants deny that Plaintiff owns 25 percent of RLCH and deny knowledge or information sufficient to form a belief as to the remaining allegations.

7.    With respect to paragraphs 11 of the Complaint, answering defendants deny that Plaintiff owns 25 percent of RLCH, deny knowledge or information sufficient to form a belief as to the remaining allegations and respectfully refer all questions of law to this Honorable Court.

-2-

8.    With respect to paragraph 14 of the Complaint, answering defendants deny that Plaintiff is entitled to pierce the corporate veil of RLCH, deny that RLCH is a successor entity to the transactions referenced, deny that RLCH should be held under a constructive trust and deny knowledge or information sufficient to form a belief as to the remaining allegations.

9.    With respect to paragraph 23 of the Complaint, answering defendants deny that they have engaged in any illegal activity, mortgage fraud, tax fraud, any "under the table" transactions or other "bad acts" and deny knowledge or information sufficient to form a belief as to the remaining allegations.

10.    Deny the allegations contained in paragraph 24 of the Complaint.

<u>Venue</u>

11.    With respect to paragraph 25 of the Complaint, admit that venue is proper under CPLR §503 and deny the remaining allegations.

<u>The Parties</u>

12.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 26, 27, 28, 29, 30, 32, 33, 35, 36 and 37 of the Complaint.

13.    With respect to paragraph 31 of the Complaint, admit that RLCH was organized under by virtue of the laws of the State of New York and that RLCH was formed on June 26, 2008 and remains active and deny the remaining allegations.

14.    Deny the allegations contained in paragraph 34 of the Complaint.

15.    Admit the allegations contained in paragraphs 38 and 39 of the Complaint.

<u>Statement of the Facts</u>

16.    Deny knowledge or information sufficient to form a belief as to the allegations

-3-

contained in paragraphs 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 81, 86 and 89 of the Complaint.

17.    Paragraphs 51, 52, 84, 90 and 91 of the Complaint set forth descriptions of the action instituted by plaintiff and do not, for the most part, assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations in paragraphs 51, 52, 84, 90 and 91 of the Complaint.

18.    With respect to paragraph 80 of the Complaint, answering defendants admit that RLCH purchased property at 144-73 Barclay Avenue in 2008, that RLCH purchased adjacent property at 144-69 Barclay Avenue in 2012 and that the structure was demolished with the intention of developing it into a seven-story building but deny that the plan was to sell the combined assemblage and deny knowledge or information sufficient to form a belief as to the remaining allegations.

19.    With respect to paragraph 82 of the Complaint, answering defendants deny knowledge or information sufficient to form a belief as to what Manny suspected, as described in the last sentence, and deny the remaining allegations.

20.    With respect to paragraph 83 of the Complaint, answering defendants admit that a dispute remains as to (a) what should be done with the property and (b) what Manny's percentage is in RLCH and deny the remaining allegations.

21.    With respect to paragraph 85 of the Complaint, answering defendants deny that half of the approximately $8 million alleged to have been owed to Plaintiff would be Plaintiff's share of the Barclay Project and deny knowledge or information sufficient to form a belief as to

-4-

the remaining allegations.

22.     With respect to paragraph 87 of the Complaint, answering defendants deny knowledge or information sufficient to form a belief as to whether R & H Corp., CHRL and 190 Corp were properly formed, how those corporations were used, what formalities were followed by Joe and Esther Hsu and what Joe and Esther Hsu did with bank accounts or funds of those corporations and deny the remaining allegations.

23.     Deny the allegations contained in paragraph 88 of the Complaint.

### First Cause of Action

24.     In response to paragraph 92 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 91 of the Complaint as if fully set forth at length herein.

25.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 93, 94, 95 and 96 of the Complaint.

26.     With respect to paragraph 97 of the Complaint, answering defendants admit that the Barclay property is owned exclusively by RLCH and deny knowledge or information sufficient to form a belief as to the remaining allegations.

27.     With respect to paragraph 98 of the Complaint, answering defendants deny that Plaintiff owns 25 percent of the Barclay project deny knowledge or information sufficient to form a belief as to the remaining allegations.

### Second Cause of Action

28,     In response to paragraph 99 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1

-5-

through 98 of the Complaint as if fully set forth at length herein.

29.     Deny the allegations contained in paragraph 100 of the Complaint.

### Third Cause of Action

30.     In response to paragraph 101 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 100 of the Complaint as if fully set forth at length herein.

31.     Deny the allegations contained in paragraphs 102, 103, 104 and 105 of the Complaint.

### Fourth Cause of Action

32.     In response to paragraph 106 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 105 of the Complaint as if fully set forth at length herein.

33.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 107, 108, 109, 110, 111, 112 and 113 of the Complaint.

### Fifth Cause of Action

34.     In response to paragraph 114 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 113 of the Complaint as if fully set forth at length herein.

35.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 115 and 117 of the Complaint.

36.     With respect to paragraph 116 of the Complaint, answering defendants deny the asserted right to relief in the form of alter-ego, successor liability and/or piercing the corporate

-6-

veil and otherwise deny knowledge or information sufficient to form a belief as to the allegations.

### Sixth Cause of Action

37.    In response to paragraph 118 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 117 of the Complaint as if fully set forth at length herein.

38.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 119 and 120 of the Complaint.

### Seventh Cause of Action

39.    In response to paragraph 121 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 120 of the Complaint as if fully set forth at length herein.

40.    With respect to paragraph 122 of the Complaint, deny that plaintiff is a 25% shareholder of RLCH and deny knowledge or information sufficient to form a belief as to the remaining allegations.

41.    With respect to paragraph 123 of the Complaint, answering defendants deny knowledge or information sufficient to form a belief as to how Joe, Esther or Lam held themselves out to as referenced in the last sentence. The remainder of paragraph 123 of the Complaint sets forth a description of the action instituted by plaintiff and the underlying intentions in bringing this action and does not, for the most part, assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations as they pertain to answering defendants herein and

-7-

otherwise deny knowledge or information sufficient to form a belief as to the allegations.

42.     Paragraph 124 and 127 of the Complaint set forth descriptions of the action instituted by plaintiff and the underlying intentions in bringing this action and does not, for the most part, assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations as they pertain to answering defendants herein and otherwise deny knowledge or information sufficient to form a belief as to the allegations.

43.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 125 and 126 of the Complaint.

## Eighth Cause of Action

44.     In response to paragraph 128 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 127 of the Complaint as if fully set forth at length herein.

45.     Paragraph 129 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

46.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 130, 132 and 133.

47.     Deny the allegations contained in paragraph 131 of the Complaint.

48.     With respect to paragraph 134 of the Complaint, answering defendants deny knowledge or information sufficient to form a belief as to the allegations therein and respectfully

-8-

refer all questions of law to this Honorable Court.

### Ninth Cause of Action

49.    In response to paragraph 135 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 134 of the Complaint as if fully set forth at length herein.

50.    Paragraph 136 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

51.    With respect to paragraph 137 of the Complaint, answering defendants deny the allegations pertaining to the interests of Manny, Joe, Lam and Cheung in RLCH and deny knowledge or information sufficient to form a belief as to the remaining allegations.

52.    Deny the allegations contained within paragraph 138 of the Complaint.

53.    Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 139 of the Complaint.

54.    Paragraph 140 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations in paragraph 140.

### Tenth Cause of Action

55.    In response to paragraph 141 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1

-9-

through 140 of the Complaint as if fully set forth at length herein.

56.     Paragraph 142 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

57.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs143 and 144 of the Complaint.

58.     Deny the allegations contained in paragraph 145 of the Complaint.

### Eleventh Cause of Action

59.     In response to paragraph 146 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 145 of the Complaint as if fully set forth at length herein.

60.     Paragraph 147 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

61.     Deny the allegations contained in paragraphs 148 and 149 of the Complaint.

62.     Paragraph 150 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations as they pertain to answering defendants herein and otherwise deny knowledge or information sufficient to form a belief as to the allegations.

-10-

**Twelfth Cause of Action**

63.     In response to paragraph 151 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 150 of the Complaint as if fully set forth at length herein.

64.     Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraph 152 of the Complaint.

65.     Paragraph 153 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

**Thirteenth Cause of Action**

66.     In response to paragraph 154 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 153 of the Complaint as if fully set forth at length herein.

67.     Deny the allegations contained in paragraphs 155 and 156 of the Complaint.

**Fourteenth Cause of Action**

68.     In response to paragraph 157 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 156 of the Complaint as if fully set forth at length herein.

69.     With respect to paragraph 158 of the Complaint, deny that Plaintiff is entitled to a full accounting in connection with any of the answering defendants and admit the remaining allegations.

-11-

## Fifteenth Cause of Action

70.     In response to paragraph 159 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 158 of the Complaint as if fully set forth at length herein.

71.     Paragraph 160 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

72.     With respect to paragraph 161 of the Complaint, deny knowledge or information sufficient to form a belief as to the number of units in the Barclay Project and otherwise admit the allegations.

73.     With respect to paragraph 162 of the Complaint, admit that no offering plan has been filed and that it is the intention of the parties that the Barclay Project result in a residential condominium and deny knowledge or information sufficient to form a belief as to the remaining allegations.

74.     Admit the allegations contained within paragraph 163 of the Complaint.

75.     With respect to paragraph 164 of the Complaint, deny knowledge or information sufficient to form a belief as to the legality and operative effect of the "Lottery Agreement" and respectfully refer all questions of law in that respect to this Honorable Court and admit the remaining allegations.

76.     With respect to paragraph 165 of the Complaint, deny knowledge or information sufficient to form a belief as to the allegations and respectfully refer all questions of law to this

-12-

Case 1:20-01102-jeg   Doc 1-6   Filed 08/28/20   Entered 08/28/20 17:03:31
INDEX NO. 709652/2017
RECEIVED NYSCEF: 01/25/2019

Honorable Court.

77.     Deny knowledge or information sufficient to form a belief as to the allegations in paragraph 166 of the Complaint.

78.     Paragraph 167 of the Complaint sets forth a description of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein and respectfully refer all questions of law to this Honorable Court.

### Sixteenth Cause of Action

79.     In response to paragraph 168 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 167 of the Complaint as if fully set forth at length herein.

80.     Paragraphs 169 and 181 of the Complaint set forth descriptions of the relief sought by plaintiff and do not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

81.     With respect to paragraphs 170 and 175 of the Complaint, deny knowledge or information sufficient to form a belief as to the allegations and respectfully refer all questions of law to this Honorable Court.

82.     Deny the allegations contained within paragraph 171 of the Complaint and respectfully refer all questions of law to this Honorable Court.

83.     Deny, in the form alleged, the allegations contained within paragraphs 172, 173 and 180 of the Complaint and respectfully refer all questions of law to this Honorable Court.

-13-

84.     Deny knowledge or information sufficient to form a belief as to allegations contained within paragraphs 174, 176, 177 and 178 of the Complaint.

85.     With respect to paragraph 179 of the Complaint, deny the allegations with respect to the answering defendants and otherwise deny knowledge or information sufficient to form a belief as to the allegations.

## Seventeenth Cause of Action

86.     In response to paragraph 182 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 181 of the Complaint as if fully set forth at length herein.

87.     Paragraphs 183 and 190 of the Complaint set forth descriptions of the relief sought by plaintiff and do not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

88.     Deny knowledge or information sufficient to form a belief as to allegations contained within paragraphs 184 and 185 of the Complaint.

89.     With respect to paragraph 186 of the Complaint, admit that Esther Hsu had and has no legal right, title or interest in any of the units in the building or to any of the floors within and, as to the remaining allegations, deny knowledge or information sufficient to form a belief and respectfully refer all questions of law to this Honorable Court.

90.     Admit the allegations contained within paragraphs 187 and 188 of the Complaint.

91.     With respect to paragraph 189 of the Complaint, deny, in the form alleged, the allegations therein and respectfully refer all questions of law to this Honorable Court.

-14-

### Eighteenth Cause of Action

92. In response to paragraph 191 of the Complaint, answering defendants repeat, reiterate and reallege each admission or denial heretofore made in response to paragraphs 1 through 190 of the Complaint as if fully set forth at length herein.

93. Deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs 192, 193 and 194 of the Complaint.

94. Paragraphs 195 and 196 of the Complaint set forth descriptions of the relief sought by plaintiff and does not assert any specific facts and, as such, no admission or denial is required. To the extent that an admission or denial is required, answering defendants deny the allegations therein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint herein fails to state a cause of action against the answering defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The plaintiff's action is barred by the equitable doctrines of waiver, estoppel, unclean hands and/or laches.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

The plaintiff's action is barred by virtue of the fact that any recovery under this action would result in an unjust enrichment to plaintiff, who has not in any way been harmed or damaged from the alleged misconduct of the answering defendants.

-15-

Case 1:20-cv-01102-fee Doc 1-6 Filed 08/28/20 Entered 08/28/20 17:03:31

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

The plaintiff has failed to mitigate and/or reduce his alleged damages and losses, if any, as alleged in the Complaint.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim for breach of contract against answering defendants is barred due to lack of privity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's action, to the extent it is based upon an alleged agreement, is barred by the statute of frauds.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims based upon unjust enrichment and constructive trust are barred against answering defendants due to the absence of a confidential or fiduciary relationship with answering defendants.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims based upon unjust enrichment are barred against answering defendants to the extent that they are based upon matters that are the subject of a written agreement between the parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with business contract/relations is insufficient as

-16-

a matter of law due to the absence of any allegation of a contract between plaintiff and a third

party, as the contract allegedly interfered with was one with a party herein, not a third party.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with business contract/relations is insufficient as

a matter of law due to the absence of any allegations of intent to induce the breach of said

contract.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with business contract/relations is insufficient as

a matter of law due to the absence of any allegations that answering defendants engaged in

conduct which caused a breach of a contract.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for tortious interference with business contract/relations is insufficient as

a matter of law due to the absence of any allegations that answering defendants were aware of a

contract between plaintiff and a third party.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

A defense is founded upon documentary evidence, which defense precludes plaintiff's

claims in this action.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

If Plaintiff was caused to sustain damage as a result of the allegations in the Complaint,

said damages were a result of acts engaged in by persons other than answering defendants

without knowledge or inducement by answering defendants herein.

-17-

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were a result of acts engaged in by Plaintiff himself.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

If any damages sustained by plaintiff resulted from acts engaged in by answering defendants, those acts were procured by – and engaged in as the result of - fraudulent representations made by one or more of the other defendants in this action at a time when answering defendants were unaware of the fraudulent representations made.

### AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's contract and tortious interference claims are barred by ratification.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff is not authorized to bring any derivative claims on behalf of the corporations which have been dissolved and/or no longer exist as a legal entity.

### CROSS-CLAIMS AND COUNTERCLAIMS

As and for their cross-claims and counterclaims, the answering defendants allege as follows:

1.      At all relevant times hereinafter, defendant Jin Guo Lin (incorrectly sued herein as "Jim" Guo Lin) is an individual residing in the Town of Dumfries, County of Prince William, State of Virginia.

2.      At all relevant times hereinafter, defendant Kam Ming Lam is an individual residing in the borough of Queens, County of Queens, State of New York.

-18-

3.     At all relevant times hereinafter, defendant Siu Ling Wong is an individual residing in the borough of Staten Island, County of Richmond, State of New York.

4.     At all relevant times hereinafter, defendant Cheung Chin Chau is an individual residing in the County of Camden, State of New Jersey.

5.     At all relevant times hereinafter, defendant Tung Suet Ruby Lam is an individual residing in the borough of Staten Island, County of Richmond, State of New York.

6.     At all relevant times hereinafter, defendant Wong Kuk Tan is an individual residing in the borough of Staten Island, County of Richmond, State of New York.

7.     At all relevant times hereinafter, defendant Joe Hsu, upon information and belief, is an individual residing in the Village of Flushing, County of Queens, State of New York.

8.     At all relevant times hereinafter, defendant Esther Hsu, upon information and belief, is an individual residing in the Village of Flushing, County of Queens, State of New York.

9.     At all relevant times hereinafter, plaintiff Manuel Roel, upon information and belief, is an individual residing in the Village of Little Neck, County of Queens, State of New York.

10.     Upon information and belief, at all times hereinafter mentioned, RLCH is a domestic corporation organized under and by virtue of the laws of the State of New York.

11.     Answering defendants, plaintiff and defendants Joe Hsu, Mou Yang Lam, Kwan Cho Cheung, Steven Cheung, Ming Yung Cheung and Gui Zhen Chen were and are shareholders of RLCH.

12.     RLCH was formed for the purpose of acquiring and developing two pieces of real estate, to wit: 1) 144-73 Barclay Avenue, Flushing, New York; and 2) 144-69 Barclay Avenue,

-19-

Flushing, New York, both of which correspond to plaintiff's "The Barclay Project" as set forth in his Complaint, Paragraphs 80-84.

13.    The aforementioned pieces of real estate were acquired by RLCH and thereafter developed. Construction was performed by a third-party contractor.

14.    Defendant Jin Guo Lin has invested over $373,000 dollars into the Barclay Project and holds 4.16 percent of shares in RLCH.

15.    Defendant Kam Ming Lam has invested over $373,000 dollars into the Barclay Project and holds 4.16 percent of shares in RLCH.

16.    Defendant Siu Ling Wong has invested over $747,000 dollars into the Barclay Project and holds 8.33 percent of shares in RLCH.

17.    Defendant Cheung Chin Chau has invested over $747,000 dollars into the Barclay Project and holds 8.33 percent of shares in RLCH.

18.    Defendant Tung Suet Ruby Lam has invested over $373,000 dollars into the Barclay Project and holds 4.16 percent of shares in RLCH.

19.    Defendant Wong Kuk Tan has invested over $373,000 dollars into the Barclay Project and holds 4.16 percent of shares in RLCH.

20.    Defendants Jin Guo Lin, Tung Suet Ruby Lam and Wong Kuk Tan acquired their shares of RLCH through defendant Kam Ming Lam, who initially held 16.66 percent of the shares in RLCH.

21.    Defendant Cheung Chin Chau acquired his shares of RLCH through defendant Siu Ling Wong, who initially held 16.66 percent of the shares in RLCH.

22.    No directors were ever elected by the shareholders of RLCH prior to February of

-20-

2018.

23.    In February of 2018, Lisa Lam, Richard Roel and defendant Siu Ling Wong were elected as Directors of RLCH.

24.    The facts alleged in paragraphs 26 through 40 below are alleged herein upon information and belief, the basis and source for said information and belief being the allegations contained in the Plaintiff's Complaint.

25.    The facts alleged in paragraphs 26 through 40 are matters peculiarly within the knowledge of plaintiff and defendants Joe Hsu and Esther Hsu, as they involved transactions engaged in prior to (1) the formation of RLCH and (2) the involvement of any of the answering defendants.

26.    Plaintiff previously entered into one or more agreements with Joe Hsu, Esther Hsu, Mou Yang Lam and other individuals (hereinafter the "prior agreements"), pursuant to which it was agreed that real estate would be purchased in the names of corporations to be formed for that purpose and that said real estate would thereafter be developed and sold at a profit.

27.    Pursuant to the prior agreements, plaintiff would serve as contractor and perform work himself or hire/supervise subcontractors and defendants Joe Hsu and Esther Hsu would form entities to buy and sell realty and transfer profits into a general coffer, which would accumulate and increase with each transaction.

28.    Pursuant to the prior agreements, it was further agreed that the profits made from one project were to be used to buy larger pieces of real estate and make further profits, that Joe Hsu and Esther Hsu would hold profits as a fiduciary for both Joe Hsu and Plaintiff, that Joe Hsu

-21-

and Esther Hsu would thereafter hold the accumulated funds earned and those funds would thereafter be distributed in accordance with the prior agreements.

29.　Pursuant to the prior agreements, corporations were thereafter formed, which corporations included defendants Roel & Hsu Corp. (hereinafter "R & H"), CHRL Realty Corp. (hereinafter "CHRL") and 190-15 48th Avenue Corp. (hereinafter "190 Corp."), and real estate was purchased, developed and sold (hereinafter the "prior projects") in connection with the prior agreements.

30.　The construction for the prior projects was performed by plaintiff and/or under the complete operation and control of Plaintiff.

31.　Defendants Joe Hsu and Esther Hsu were in complete operation and control of all the remaining aspects of the prior projects, including, but not limited to maintaining the books and records of transactions and the rendering of business decisions, with the exception of isolated instances in which selected records and information pertaining to CHRL and 190 Corp. was provided to defendant Mou Yang Lam.

32.　Defendants Joe Hsu and Esther Hsu failed to provide the shareholders of R & H, CHRL and 190 Corp. access to any of the bookkeeping records of any of the transactions, with the exception of isolated instances in which selected records and information pertaining to CHRL and 190 Corp. was provided to defendant Mou Yang Lam.

33.　Defendants Joe Hsu and Esther Hsu failed to properly account to the plaintiff for his labor and materials furnished in connection with the prior projects.

34.　Defendants Joe Hsu and Esther Hsu commingled funds belonging to the plaintiff and other shareholders of R & H, CHRL and/or 190 Corp.

-22-

35. No directors were ever elected by the shareholders for R & H, CHRL or 190 Corp.

36. Defendants Joe Hsu and Esther Hsu, and, at times, Mou Yang Lam, were in complete operation and control of maintaining the books and records of all transactions and the rendering of business decisions for RLCH.

37. Defendants Joe Hsu and Esther Hsu and, at times, Mou Yang Lam, operated and controlled all financial transactions pertaining to RLCH.

38. Defendants Joe Hsu and Esther Hsu, however, failed to provide RLCH shareholders with full access to the bookkeeping records of any of the transactions.

39. As the defendant corporations were nearly exclusively under the operation and control of the Plaintiff, defendants Joe Hsu and Esther Hsu at all times hereinafter mentioned, the three of them were and are the de facto directors and officers of the defendant corporations.

40. Defendants Joe Hsu and Esther Hsu used the businesses of R & H, CHRL, 190 Corp. and RLCH to further their own financial ends, at the expense of the other shareholders of those corporations.

41. Neither plaintiff nor any of the other defendants ever provided answering defendants with an accounting of expenditures from the prior projects or bookkeeping records related to the prior projects.

42. Neither plaintiff nor any of the other defendants ever provided answering defendants with information indicating that monies under the name of RLCH would or could be the subject of debts owed to plaintiff or others.

43. Neither plaintiff nor any of the other defendants ever advised the answering

-23-

INDEX NO. 709652/2017

defendants of the dissolution of R & H, CHRL or 190 Corp.

44.     No demand has been made upon the Board of Directors of RLCH to assert the derivative claims set forth below, inasmuch as defendant Joe Hsu and Esther Hsu, whose acts are complained of, were in control of RLCH when this action commenced, at which time no Board of Directors had ever been elected for RLCH.

45.     A demand upon the Board of Directors would therefore be a futile act.

**AS AND FOR A FIRST CROSS-CLAIM
AGAINST DEFENDANT JOE HSU
FOR BREACH OF FIDUCIARY DUTY
(Derivative Claim):**

46.     Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 45 hereof as if fully set forth herein.

47.     Answering defendants assert this claim on behalf of themselves and all other stockholders of RLCH similarly situated.

48.     Defendant Joe Hsu owed a fiduciary duty to the shareholders/investors of RLCH, including the answering defendants. Defendant Joe Hsu entered into an agreement with plaintiff and the other RLCH shareholders to establish a corporation which they each contributed monies to. The shareholders of RLCH each invested capital into RLCH.

49.     Defendant Joe Hsu, as a de facto director and officer of R & H, CHRL, 190 Corp. and RLCH, had a fiduciary duty to see that the assets and business of those corporations were and are diligently and honestly conserved and managed and to see that same are not dissipated and mismanaged.

-24-

50.     Defendant Joe Hsu owed a fiduciary duty to the other shareholders/investors of RLCH to act in good faith, properly deposit and withdraw funds of RLCH in an authorized manner and work jointly with other shareholders toward the operation of the business and/or not intentionally obstruct the ability of one another to operate and/or earn monies from the corporation.

51.     Defendant Joe Hsu had a duty of loyalty, a duty not to self-deal, a duty of good faith and a duty of fair dealing, all of which were owed to the other shareholders/investors of RLCH. These duties included the disclosure of facts known to him (whether from his positions with other corporations during the prior projects or elsewhere) which would harm the interests of the other shareholders/investors.

52.     Defendant Joe Hsu, as one of the individuals primarily controlling the finances of RLCH, owed these fiduciary duties to all other shareholders/investors.

53.     Upon information and belief, the basis and source for said information and belief being the allegations contained in the Plaintiff's Complaint, which facts are peculiarly within the knowledge of plaintiff and Joe Hsu, the answering defendants further allege the following:

(a)     in violation of his duties, defendant Joe Hsu caused and permitted and, at present, continues to cause and permit, the assets, business and corporate opportunities of RLCH to be wasted and mismanaged by diverting same to his own benefit, including taking funds which were the property of RLCH and using them to pay himself unauthorized real estate brokerage fees, engaging in self-dealing and failing to disclose the fact that monies invested in RLCH were at risk of loss due to monies owed to plaintiff in connection with the prior projects; and

(b)     defendant Joe Hsu further failed to disclose the true financial condition of RLCH, failed to disclose facts related

-25-

to the issues between plaintiff and defendant Joe Hsu, failed to disclose interested transactions that Joe Hsu engaged in and failed to disclose the fact that Joe Hsu was holding additional funds that were owed to plaintiff and/or that were the subject of a pending dispute between Joe Hsu and plaintiff which could materially interfere with the interests of the other shareholders/investors.

54. Defendant Joe Hsu never disclosed to the answering defendants (a) that he engaged in interested transactions, (b) that he was holding additional funds that were owed to plaintiff and/or that were the subject of a pending dispute between Joe Hsu and plaintiff, or (c) of any other facts related to the prior projects which could materially interfere with the interests of the other shareholders/investors.

55. By engaging in the actions set forth above, defendant Joe Hsu engaged in misconduct that constitutes a breach of the fiduciary duty owed to the other shareholders/investors of RLCH, including answering defendants.

56. As a direct result of the foregoing, the answering defendants invested and/or reinvested monies into RLCH based upon misleading information provided by defendant Joe Hsu and without knowledge of critical facts that were exclusively within the knowledge of defendants Joe Hsu and Esther Hsu.

57. As a direct result of the foregoing, Defendant Joe Hsu has directly and indirectly profited and is continuing to profit at the expense of RLCH, which has sustained and is continuing to sustain additional losses, all in an amount presently unknown to the answering defendants.

58. As a direct result of the foregoing, answering defendants have suffered a reduction in the value of their shares and in funds earned by RLCH. Moreover, answering

-26-

defendants have been exposed to liability for debt owed by RLCH, which was either created and/or increased as a direct result of said misconduct.

59.     As such, in the event that plaintiff succeeds on his claims against any or all of the answering defendants and/or in the event that a determination is made that assets of RLCH contain funds belonging to plaintiff originating from the prior projects, defendant Joe Hsu is liable to the answering defendants for Breach of Fiduciary Duty in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**AS AND FOR A SECOND CROSS-CLAIM**
**AGAINST DEFENDANT ESTHER HSU**
**FOR AIDING AND ABETTING A BREACH**
**OF FIDUCIARY DUTY (Derivative Claim):**

60.     Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 59 hereof as if fully set forth herein.

61.     Answering defendants assert this claim on behalf of themselves and all other stockholders of RLCH similarly situated.

62.     As set forth above, defendant Joe Hsu engaged in a breach of his fiduciary obligation to the shareholders/investors of RLCH.

63.     Upon information and belief, the basis and source for said information and belief being the allegations contained in the Plaintiff's Complaint, which facts are peculiarly within the knowledge of plaintiff and Joe Hsu, the answering defendants further allege the following:

        (a)     defendant Esther Hsu engaged in a knowing inducement
                and participation of that breach and assisted in the breach
                by providing accounting and bookkeeping services for Joe
                Hsu in connection with his misconduct, advising Joe Hsu

-27-

on how to do so in a way so as to avoid detection, advising Joe Hsu on how to avoid discovery (by shareholders/investors of RLCH) of debts owed to plaintiff and/or providing accounting services necessary for the successful completion of the unauthorized withdrawal and/or funneling of funds;

(b)  in doing so, defendant Esther Hsu was aware of the fact that these monies were supposed to be held for the benefit of the corporations involved and/or plaintiff in that she was told by Joe Hsu and/or plaintiff of this fact;

(c)  defendant Esther Hsu further engaged in said acts by accepting bookkeeping fees, despite knowing that the monies invested into the corporations were not supposed to be used to pay her bookkeeping fees;

(d)  as a direct result of defendant Esther Hsu's conduct, defendant Joe Hsu was able to successfully funnel funds away from RLCH and its investors and divert them for use for personal gain to both defendants Joe Hsu and Esther Hsu; and

(e)  consequently, monies that were required to be paid – and otherwise would have been paid – to and for the benefit of RLCH and its shareholders/investors were instead paid to – and/or retained, without authorization, by - Joe Hsu and Esther Hsu.

64.  As a direct result of the foregoing, the answering defendants invested and/or reinvested monies into RLCH based upon misleading information provided by defendant Joe Hsu and without knowledge of critical facts that were exclusively within the knowledge of defendants Joe Hsu and Esther Hsu.

65.  As a direct result of the foregoing, Defendants Joe Hsu and Esther Hsu have directly and indirectly profited and are continuing to profit at the expense of RLCH, which has sustained and is continuing to sustain additional losses, all in an amount presently unknown to

-28-

the answering defendants.

66. As a direct result of the foregoing, answering defendants have suffered a reduction in the value of their shares and in funds earned by RLCH. Moreover, answering defendants have been exposed to liability for debt owed by RLCH, which was either created and/or increased as a direct result of said misconduct.

67. As such, in the event that plaintiff succeeds on his claims against any or all of the answering defendants and/or in the event that a determination is made that assets of RLCH contain funds belonging to plaintiff originating from the prior projects, defendant Esther Hsu is liable to the answering defendants for Aiding and Abetting the Breach of a Fiduciary Duty in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

### AS AND FOR A THIRD CROSS-CLAIM
### AGAINST DEFENDANT JOE HSU
### FOR FRAUD:

68. Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 67 hereof as if fully set forth herein.

69. Upon information and belief, the basis and source for said information and belief being the allegations contained in the Plaintiff's Complaint and the Answer of defendants Mou Yang Lam, Kwan Cho Cheung, Ming Kam Cheung and Heong Leng Lou, dated October 18, 2017, which facts are peculiarly within the knowledge of plaintiff, defendant Joe Hsu and, to some extent, defendant Mou Yang Lam, the answering defendants further allege the following:

      (a)    prior to March 19, 2012, defendant Joe Hsu stated to defendant Mou Yang Lam that RLCH held certain funds belonging to plaintiff;

-29-

    (b)    on or about March 19, 2012, defendant Joe Hsu authorized a payment in the amount of $300,000 from RLCH's corporate bank account to plaintiff;

    (c)    on or about March 19, 2012, defendant Joe Hsu authorized a second payment in the amount of $268,585.36 from RLCH's corporate bank account to plaintiff;

    (d)    on or about March 19, 2012, defendant Joe Hsu stated to defendant Mou Yang Lam that these two payments represented all of the remaining funds belonging to plaintiff which were being held by RLCH in connection with the prior projects and that, with these payments, RLCH no longer held any funds belonging to plaintiff (hereinafter collectively the "March 19 Representation");

    (e)    this was a misrepresentation of an existing fact, as it was false, and defendant Joe Hsu knew at the time of making it that said representation was false;

    (f)    defendant Joe Hsu further knew, at the time of making the March 19 Representation, that Mou Yang Lam would rely upon said statement and convey same to the answering defendants and that the answering defendants would consequently rely upon the March 19 Representation; and

    (g)    defendant Joe Hsu made the March 19 Representation for the purpose of inducing answering defendants to rely upon same by investing in RLCH with the belief that they are entitled to the full value of their respective shares.

70.    Defendant Mou Yang Lam thereafter relayed the March 19 Representation to the answering defendants.

71.    Answering defendants thereafter justifiably relied upon the March 19 Representation and invested and/or continued to invest in RLCH with the belief that they are entitled to the full value of their respective shares.

72.    As a direct result of the foregoing, the answering defendants invested monies in

-30-

RLCH and/or continued to invest monies in RLCH based upon misleading information provided by defendant Joe Hsu and without knowledge of critical facts that were exclusively within the knowledge of defendant Joe Hsu.

73.     As a direct result of the foregoing, Defendant Joe Hsu has directly and indirectly profited and is continuing to profit at the expense of RLCH, which has sustained and is continuing to sustain additional losses, all in an amount presently unknown to the answering defendants.

74.     As a direct result of the foregoing, answering defendants have suffered a reduction in the value of their shares and in funds earned by RLCH. Moreover, answering defendants have been exposed to liability for debt owed by RLCH, which was either created and/or increased as a direct result of said fraud.

75.     Answering defendants have therefore been directly injured as a result of the March 19 Representation.

76.     As such, in the event that plaintiff succeeds on his claims against any or all of the answering defendants and/or in the event that a determination is made that assets of RLCH contain funds belonging to plaintiff originating from the prior projects, defendant Joe Hsu is liable to the answering defendants for Fraud in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**AS AND FOR A FOURTH CROSS-CLAIM
AGAINST DEFENDANT JOE HSU
FOR FRAUD:**

77.     Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 76 hereof as if fully set forth herein.

-31-

78.     Upon information and belief, the basis and source for said information and belief being the allegations contained in the Plaintiff's Complaint and the Answer of defendants Mou Yang Lam, Kwan Cho Cheung, Ming Kam Cheung and Heong Leng Lou, dated October 18, 2017, which facts are peculiarly within the knowledge of plaintiff, defendant Joe Hsu and, to some extent, defendant Mou Yang Lam, the answering defendants further allege the following:

(a)    on or about December 23, 2008, defendant Joe Hsu executed an agreement with defendants Mou Yang Lam, Kwan Cho Cheung, Kam Ming Lam and Siu Ling Wong and plaintiff was not present at that time;

(b)    the Agreement (hereinafter the "December 23 Agreement") provides, in pertinent part, that RLCH intends to develop 144-73 Barclay Avenue, Flushing, NY 11355 into a multi-unit condominium and that each of the signatories to the agreement would receive one-sixth of the profits derived from the property;

(c)    after the answering defendants executed said Agreement, defendant Joe Hsu took said Agreement and promised to get plaintiff's signature;

(d)    shortly thereafter, defendant Joe Hsu provided a copy of the December 23 Agreement (which contained a signature in the name of plaintiff) to defendant Mou Yang Lam and represented to Mou Yang Lam that plaintiff had signed said Agreement (hereinafter the "December 23 Representation");

(e)    the signature in the name of plaintiff contained on the December 23 Agreement was not that of the plaintiff; and

(f)    the December 23 Representation was therefore a misrepresentation of an existing fact, as it was false, and defendant Joe Hsu knew at the time of making it that said representation was false.

(g)    defendant Joe Hsu further knew, at the time of making the December 23 Representation, that Mou Yang Lam would rely upon said statement and convey same to the answering

-32-

defendants and that the answering defendants would consequently rely upon the December 23 Representation; and

(h)     defendant Joe Hsu made the December 23 Representation for the purpose of inducing answering defendants to rely upon same by investing in RLCH with the belief that they are entitled to the full value of their respective shares.

79.     Defendant Mou Yang Lam thereafter provided a copy of the December 23 Agreement containing the signature in the name of plaintiff to the answering defendants and relayed the December 23 Representation to the answering defendants.

80.     Answering defendants thereafter justifiably relied upon the December 23 Representation and invested and/or continued to invest in RLCH with the belief that they are entitled to the full value of their respective shares.

81.     As a direct result of the foregoing, the answering defendants invested monies in RLCH and/or continued to invest monies in RLCH based upon what is, upon information and belief, misleading information provided by defendant Joe Hsu, and without knowledge of critical facts that were exclusively within the knowledge of defendant Joe Hsu and plaintiff.

82.     As a direct result of the foregoing, Defendant Joe Hsu has directly and indirectly profited and is continuing to profit at the expense of RLCH, which has sustained and is continuing to sustain additional losses, all in an amount presently unknown to the answering defendants.

83.     As a direct result of the foregoing, answering defendants have suffered a reduction in the value of their shares and in funds earned by RLCH, loss of profit caused by plaintiff's failure to cooperate with RLCH in converting the property to a condominium, loss

-33-

sustained as a result of escalated real estate taxes due to condominium conversion delays, loss sustained as a result of answering defendants' inability to occupy or lease out the residential units within the property, and loss sustained to maintain the RLCH project building during the resolution of this action. Moreover, answering defendants have been exposed to liability for debt owed by RLCH, which was either created and/or increased as a direct result of said fraud.

84. Answering defendants have therefore been directly injured as a result of the December 23 Representation.

85. As such, in the event that plaintiff succeeds on his claims against any or all of the answering defendants and/or in the event that a determination is made that assets of RLCH contain funds belonging to plaintiff originating from the prior projects, defendant Joe Hsu is liable to the answering defendants for Fraud in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**AS AND FOR A FIFTH CROSS-CLAIM**
**AGAINST DEFENDANT JOE HSU**
**FOR FRAUD:**

86. Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 85 hereof as if fully set forth herein.

87. Upon information and belief, the basis and source for said information and belief being the allegations contained in the Plaintiff's Complaint and the Answer of defendants Mou Yang Lam, Kwan Cho Cheung, Ming Kam Cheung and Heong Leng Lou, dated October 18, 2017, which facts are peculiarly within the knowledge of plaintiff, defendant Joe Hsu and, to some extent, defendant Mou Yang Lam, the answering defendants further allege the following:

-34-

(a)     on or about January 1, 2010, defendants Mou Yang Lam, Kwan Cho Cheung, Kam Ming Lam and Siu Ling Wong executed a CT-6 Form in the presence of Joe Hsu, who presented the Form (hereinafter the "2010 CT-6") to them at a time when the plaintiff was not present;

(b)     the 2010 CT-6, in pertinent part, identifies the shareholders as Joe Hsu, Mou Yang Lam, Kwan Cho Cheung, plaintiff Manuel Roel, Siu Ling Wong and Kam Ming Lam and reflects each as having a 1/6 share in ownership of RLCH;

(c)     after defendants Mou Yang Lam, Kwan Cho Cheung, Siu Ling Wong and Kam Ming Lam executed said Agreement, defendant Joe Hsu took the 2010 CT-6 and promised to get plaintiff's signature;

(d)     shortly thereafter, defendant Joe Hsu provided a copy of the 2010 CT-6 (which contained a signature in the name of plaintiff) to defendant Mou Yang Lam and represented to Mou Yang Lam that plaintiff had signed said form (hereinafter the "2010 Representation");

(e)     on or about March 2012, defendants Mou Yang Lam, Kwan Cho Cheung, Kam Ming Lam and Siu Ling Wong, with defendant Cheung Chin Chau, executed a CT-6 Form in the presence of Joe Hsu, who presented the Form (hereinafter the "2012 CT-6") to them at a time when the plaintiff was not present;

(f)     the 2012 CT-6, in pertinent part, reflects that RLCH has a total of 36 shares and identifies the shareholders and their respective shares as Joe Hsu (6), Mou Yang Lam (6), Kwan Cho Cheung (6), plaintiff Manuel Roel (6), Siu Ling Wong (3), Cheung Chin Chau (3), Kam Ming Lam (2), Jin Guo Lin (2) and Tung Suet Ruby Lam (2);

(g)     defendant Joe Hsu thereafter took the 2012 CT-6 and promised to get plaintiff's signature;

(h)     shortly thereafter, defendant Joe Hsu provided a copy of the 2012 CT-6 (which contained a signature in the name of plaintiff) to defendant Mou Yang Lam and represented to Mou Yang Lam that plaintiff had signed said form (hereinafter the "2012 Representation");

-35-

(i)  the signatures in the name of plaintiff contained on the 2010 CT-6 and 2012 CT-6 were not those of the plaintiff;

(j)  the 2010 Representation and 2012 Representation were therefore misrepresentations of an existing fact, as each was false, and defendant Joe Hsu knew at the time of making each that said representation was false;

(k)  defendant Joe Hsu further knew, at the time of making the 2010 Representation and 2012 Representation, that Mou Yang Lam would rely upon same and convey same to the answering defendants and that the answering defendants would consequently rely upon the 2010 Representation and 2012 Representation; and

(l)  defendant Joe Hsu made the 2010 Representation and 2012 Representation each for the purpose of inducing answering defendants to rely upon same by investing in RLCH with the belief that they are entitled to the full value of their respective shares.

88.  After Joe Hsu returned the 2010 CT-6 to Mou Yang Lam with a signature in the name of plaintiff, Mou Yang Lam provided a copy of it to the answering defendants and relayed the 2010 Representation to them.

89.  After Joe Hsu returned the 2012 CT-6 to Mou Yang Lam with a signature in the name of plaintiff, Mou Yang Lam provided a copy of it to the answering defendants and relayed the 2012 Representation to them.

90.  Answering defendants thereafter justifiably relied upon the 2010 Representation and 2012 Representation and, upon learning of each, invested and/or continued to invest in RLCH with the belief that they are entitled to the full value of their respective shares.

91.  As a direct result of each of the foregoing misrepresentations, the answering defendants invested monies in RLCH and/or continued to invest monies in RLCH based upon

-36-

what is, upon information and belief, misleading information provided by defendant Joe Hsu, and without knowledge of critical facts that were exclusively within the knowledge of defendant Joe Hsu and plaintiff.

92.    As a direct result of the foregoing, Defendant Joe Hsu has directly and indirectly profited and is continuing to profit at the expense of RLCH, which has sustained and is continuing to sustain additional losses, all in an amount presently unknown to the answering defendants.

93.    As a direct result of the foregoing, answering defendants have suffered a reduction in the value of their shares and in funds earned by RLCH, loss of profit caused by plaintiff's failure to cooperate with RLCH in converting the property to a condominium, loss sustained as a result of escalated real estate taxes due to condominium conversion delays, loss sustained as a result of answering defendants' inability to occupy or lease out the residential units within the property, and loss sustained to maintain the RLCH project building during the resolution of this action.    Moreover, answering defendants have been exposed to liability for debt owed by RLCH, which was either created and/or increased as a direct result of said fraud.

94.    Answering defendants have therefore been directly injured as a result of each of (1) the 2010 Representation and (2) the 2012 Representation.

95.    As such, in the event that plaintiff succeeds on his claims against any or all of the answering defendants and/or in the event that a determination is made that assets of RLCH contain funds belonging to plaintiff originating from the prior projects, defendant Joe Hsu is liable to the answering defendants for Fraud in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

-37-

## AS AND FOR A SIXTH CROSS-CLAIM
## AGAINST DEFENDANTS JOE HSU
## FOR AN ACCOUNTING (Derivative Claim):

96.     Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 95 hereof as if fully set forth herein.

97.     As stated above, defendant Joe Hsu had a fiduciary duty to RLCH and its shareholders/investors, which include the answering defendants herein, and which duties include the disclosure of financial and bookkeeping records pertaining to RLCH.   As stated above, defendant Joe Hsu has breached that fiduciary duty through misconduct, which is more specifically set forth in paragraphs 53 through 55 above.

98.     Defendant Joe Hsu's breach directly concerns the properties that are the subject of the Barclay Project, which are the properties in which the answering defendants herein have an interest. The amount of damages herein cannot be readily ascertained, given the fact that defendants Joe Hsu and Esther Hsu have failed and refused (despite repeated demands from shareholders) to disclose financial information pertaining to the account of RLCH and the other defendant corporations, as required.

99.     No form of legal relief, absent an accounting, will provide the necessary information to the answering defendants concerning monies paid by and received by RLCH and the extent to which monies held for and/or on behalf of RLCH are subject to plaintiff's claims and other debt that an interfere with their lawful interests.

100.    The answering defendants are therefore entitled to an accounting, covering the period of January 1, 2005 through the present date, identifying

> (1) by dates, amounts and source/payee as applicable, (a) the monies received by each of the defendant corporations, (b) the

-38-

monies withdrawn from the account of each of the defendant corporations, (c) the monies received by Joe Hsu in connection with any of the properties identified in the plaintiff's complaint, (d) the monies held for plaintiff, and (e) the monies paid to plaintiff; and

(2) by bank, account number and accountholder, (a) any account held in the name or for the benefit of any of the defendant corporations; and (b) any account in which monies received by Joe Hsu (in connection with any of the properties identified in the complaint) were deposited.

101. Defendant Joe Hsu is therefore liable to the answering defendants for an accounting.

### AS AND FOR A SEVENTH CROSS-CLAIM AGAINST DEFENDANTS JOE HSU AND ESTHER HSU FOR INDEMNIFICATION:

102. Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 101 hereof as if fully set forth herein.

103. If any of the answering defendants are found liable to plaintiff in this action, such liability is the sole result of the wrongdoing of Joe Hsu and/or Esther Hsu (hereinafter the "Hsu Defendants"), who are actively at fault for bringing about plaintiff's injury by reason of breach of fiduciary duty and/or aiding and abetting same, breach of contract, fraud and other wrongful conduct, with no wrongdoing whatsoever on the part of the answering defendants.

104. If any of the answering defendants are found liable to plaintiff in this action, said liability will be based solely upon the wrongdoing of the Hsu defendants, thereby entitling the answering defendants to indemnification from the Hsu defendants for the amount of any judgment which may be rendered against the answering defendants, together with attorneys' fees, costs and disbursements.

-39-

105.    Accordingly, in the event that plaintiff succeeds on his claims against any or all of the answering defendants, defendants Joe Hsu and Esther Hsu are liable to the answering defendants for Indemnification in the amount of any damages paid as a result of the wrongful conduct of the Hsu defendants.

**AS AND FOR A FIRST COUNTERCLAIM
FOR BREACH OF CONTRACT:**

106.    Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 105 hereof as if fully set forth herein.

107.    The December 23 Agreement entered into between plaintiff and defendants Joe Hsu, Mou Yang Lam, Kwan Cho Cheung, Kam Ming Lam and Siu Ling Wong constitutes a valid and binding contract, which was supported by consideration on all sides.

108.    All parties of the contract agreed to and did in fact contribute money and/or work in connection with the Agreement. The parties to the contract expressed an intention to develop and create a condominium and sell units after completion and approval of construction and further agreed that each partner shall receive one-sixth of the net profits from the project.

109.    Despite several demands, plaintiff has refused to cooperate in connection with the condominium conversion and the efforts of the answering defendants to create a condominium and thereafter ultimately sell individual units.   This constitutes a breach of the December 23 Agreement.

110.    Furthermore, plaintiff has insisted on receiving a 25 percent share of the net profits from the project and has refused to abide by his agreement to accept his one-sixth share. This constitutes an additional breach of the December 23 Agreement.

-40-

111.  The answering defendants have performed all conditions under the December 23 Agreement and have complied with same in all respects.

112.  The terms of the December 23 Agreement which have been breached, as set forth above, are material terms of the contract.

113.  As a direct result of the foregoing, answering defendants have suffered a reduction in the value of their shares and in funds earned by RLCH, loss of profit, loss sustained as a result of escalated real estate taxes due to condominium conversion delays, loss sustained as a result of answering defendants' inability to occupy or lease out the residential units within the property, and loss sustained to maintain the RLCH project building during the resolution of this action.

114.  Plaintiff is therefore liable to the answering defendants for breach of contract in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

### AS AND FOR A SECOND COUNTERCLAIM
### FOR BREACH OF CONTRACT:

115.  Answering defendants repeat and reallege each and every allegation set forth in the paragraphs 1 through 114 hereof as if fully set forth herein.

116.  On September 18, 2014, pursuant to a written agreement (hereinafter the "2014 Contract"), plaintiff agreed with the RLCH shareholders that, through a lottery, plaintiff would divide up the six completed residential units of the building located at 144-69 Barclay Avenue, Flushing, New York and that each shareholder may thereafter use or sell his or her residential unit.

-41-

117. In order for the RLCH shareholders to sell residential units, as agreed to, the building must be converted to a condominium. Plaintiff had also agreed to convert the building to a condominium and/or cooperate in doing so by communicating same verbally to the RLCH shareholders on several occasions and his intention to do so is further set forth in the December 23 Agreement.

118. The 2014 Contract constitutes a valid and binding contract, which was supported by consideration on all sides.

119. All parties of the contract agreed to and did in fact contribute money and/or work in connection with the 2014 Contract.

120. Despite several demands, plaintiff has refused to divide up the six completed residential units of the building located at 144-69 Barclay Avenue, Flushing, New York and has refused to cooperate in connection with the efforts of the RLCH shareholders to effectuate a condominium conversion so that the answering defendants can ultimately sell their individual units. This constitutes a breach of the 2014 Contract.

121. The answering defendants have performed all conditions under the 2014 Contract and have complied with same in all respects.

122. The terms of the 2014 Contract which have been breached, as set forth above, are material terms of the contract.

123. As a direct result of the foregoing, answering defendants have suffered a reduction in the value of their shares and in funds earned by RLCH, loss of profit, loss sustained as a result of escalated real estate taxes due to condominium conversion delays, loss sustained as a result of answering defendants' inability to occupy or lease out the residential units within the

-42-

NYSCEF DOC. NO. 455

INDEX NO. 709652/2017

RECEIVED NYSCEF: 01/25/2019

property, and loss sustained to maintain the RLCH project building during the resolution of this action.

124. Plaintiff is therefore liable to the answering defendants for breach of contract in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action.

**WHEREFORE**, the answering defendants demand judgment dismissing the Plaintiff's Complaint herein, together with the costs, disbursements and legal fees incurred in the defense of this action, and further demand judgment on their counterclaims, as follows:

    (a)    on their first cross-claim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action;

    (b)    on their second cross-claim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action;

    (c)    on their third cross-claim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action;

    (d)    on their fourth cross-claim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action;

    (e)    on their fifth cross-claim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action;

-43-

(f)     on their sixth cross-claim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action;

(g)     on their seventh cross-claim, monetary damages in the amount of any judgment which may be rendered against the answering defendants;

(h)     on their first counterclaim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action;

(i)     on their second counterclaim, monetary damages in an amount which exceeds the jurisdictional limitations of all lower courts which would otherwise have jurisdiction over this action; and

(j)     attorneys' fees, costs and disbursements of this action.

Dated: New York, New York
~~November , 2017~~
December 26, 2018

Yours, etc.,

**LAW OFFICES OF
YANG & ASSOCIATES**
Attorneys for Defendants
Jin Guo Lin, Kam Ming Lam,
Siu Ling Wong, Cheung Chin
Chau, Tung Suet Ruby Lam
and Wong Kuk Tan

By: _____
Daniel L. Millman, Esq., Of Counsel
9 East Broadway, Suite 302
New York, New York 10038
(212) 608-3888

-44-

Scanned by CamScanner

To:   Robert D. Werth, Esq.
      Attorney for Plaintiff
      666 Greenwich, Street, Suite 507
      New York, New York 10014

      Jack L. Glasser, Esq.
      Attorney for defendants Joe Hsu
      Esther Hsu, Roel & Hsu Corp.,
      CHRL Realty Corp. and
      190-15 48th Avenue Corp.
      89-10 Sutphin Boulevard
      Jamaica, New York 11435

      Amy Y. Chen, Esq.
      Law Office of Amy Y. Chen, PLLC
      Attorneys for defendants Mou Yang Lam,
      Kwan Cho Cheung, Ming Kam Cheung,
      Heong Leng Lou, Steven Cheung,
      Ming Yung Cheung and Gui Zhen Chen
      41-25 Kissena Boulevard, Suite 128
      Flushing, New York 11355

      Janice Goldberg, Esq.
      Herrick, Feinstein LLP
      Attorneys for defendant RLCH Inc.
      Two Park Avenue
      New York, New York 10016

-45-

Scanned by CamScanner

Case 1:20-cv-01102-jeg   Doc 1-6   Filed 08/28/20   Entered 08/28/20 17:03:31

# VERIFICATION

STATE OF NEW YORK     )
                             )    **ss.:**
COUNTY OF QUEENS     )

Kam Ming Lam, being duly sworn, deposes and says:

I am one of the defendants in the within action. I have read the foregoing Answer to Amended Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

I do not speak English. I speak Chinese and am having this verification translated to me and, with said translation, I understand its contents.

_____
Kam Ming Lam

Sworn to before me this
24th day of December, 2018

_____
Notary Public

SHENGJIN YANG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02YA6088559
Qualified in Queens County
Commission Expires January 7, 20 22

## VERIFICATION

STATE OF NEW YORK      )
                       )      ss.:
COUNTY OF QUEENS       )

Kuk Tan Wong, being duly sworn, deposes and says:

    I am one of the defendants in the within action. I have read the foregoing Answer to Amended Complaint and know the contents thereof. The same is true to my own knowledge, except as to matters therein stated to be alleged upon information and belief, and, as to those matters, I believe them to be true.

    I do not speak English. I speak Chinese and am having this verification translated to me and, with said translation, I understand its contents.

<u>WONG Kuk TAN</u>
Kuk Tan Wong

Sworn to before me this
26th day of December, 2018

Notary Public

SHENGJIN YANG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02YA6068559
Qualified in Queens County
Commission Expires January 7, 20 21

2

3

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-------------------------------------------------------------------X
Manuel Roel, Individually and Derivatively as 50%
Shareholder of ROEL & HSU CORP., as 25%
Shareholder of CHRL REALTY CORP., as 25%
Shareholder of RLCH, INC., and as 25%                          Index No.: 709652/2017
Shareholder of 190-15 48th AVENUE CORP.,

                              Plaintiff,

              -against-

JOE HSU, ESTHER HSU, ROEL & HSU CORP.,                         **AFFIDAVIT OF**
RLCH, INC., CHRL REALTY CORP., 190-15 48TH                     **TRANSLATION**
AVENUE CORP., MOU YANG LAM,
KWAN CHO CHEUNG, MING KAM CHEUNG,
HEONG LENG LOU, JIM GUO LIN, KAM MING
LAM, and SIU LING WONG,

                              Defendants.
-------------------------------------------------------------------X

STATE OF NEW YORK      )
                       )    ss:
COUNTY OF QUEENS       )

MONICA LIN, being duly sworn, deposes and says:

      1.     I am currently employed by the law firm of Yang & Associates, which

represents defendants Jin Guo Lin (incorrectly sued herein as "Jim" Guo Lin), Kam Ming Lam,

Siu Ling Wong, Cheung Chin Chau, Tung Suet Ruby Lam and Wong Kuk Tan.

      2.     I am fluent in Chinese and have spoken Chinese as my primary language for my

entire life. I am also fluent in English and regularly communicate with others in English, including

clients and others I work with.

Case 1:20-01492-reg Doc 1-6 Filed 08/28/20 Entered 08/28/20 17:03:31 INDEX NO. 709652/2017

RECEIVED NYSCEF: 01/25/2019

4

3.    I hereby certify that I have translated the attached **ANSWER TO AMENDED COMPLAINT and VERIFICATION** to Kam Ming Lam and Kuk Tan Wong.  Each of them individually confirmed that he or she understood it and agreed with it and each signed his or her respective Verification in my presence.

4.    I further certify that, to the best of my knowledge, the translations I made to Kam Ming Lam and Kuk Tan Wong are true and accurate.

Monica Lin

Subscribed to and sworn before me
this 26th day of December, 2018

Notary Public

SHENGJIN YANG
NOTARY PUBLIC, STATE OF NEW YORK
NO. 02YA6068559
Qualified in Queens County
Commission Expires January 7, 2022

# ATTORNEY VERIFICATION
### (for defendants Jin Guo Lin, Kam Ming Lam,
### Siu Ling Wong, Cheung Chin Chau,
### Tung Suet Ruby Lam and Kuk Tan Wong)

STATE OF NEW YORK    )
                          )   ss.:
COUNTY OF NASSAU    )

Daniel L. Millman, an attorney duly admitted to practice law in the State of New York, affirms the following under the penalty of perjury.

I am of counsel for the law firm of Yang & Associates, attorneys for defendants Jin Guo Lin, Kam Ming Lam, Siu Ling Wong, Cheung Chin Chau, Tung Suet Ruby Lam and Wong Kuk Tan.

I have read the foregoing Answer and know the contents thereof. All matters therein are alleged upon information and belief and are believed to be true. The source of my information and the grounds for my belief, except where stated otherwise, are client communications and documents and correspondence in the file.

I hereby certify, pursuant to CPLR §2106, under penalty of perjury, that the statements made herein are believed to be true upon information and belief.

Dated:  January 25, 2019

                                   Daniel L. Millman, Esq.